UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BWP MEDIA USA, INC. d/b/a | § | |
| PACIFIC COAST NEWS, and | § | |
| NATIONAL PHOTO GROUP, LLC, | § | |
| Plaintiffs, | § | |
| v. | § | No. 3:13-CV-2961-BF |
| T&S SOFTWARE ASSOCIATES, INC., | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is T&S Software Associates, Inc.'s ("Defendant") First Amended Motion for Summary Judgment [ECF No. 42]. For the following reasons, Defendant's First Amended Motion for Summary Judgment [ECF No. 42] is GRANTED.

## BACKGROUND

Defendant hosts hairboutique.com, a website which includes a public forum called HairTalk where users can post content, share comments, ask questions, and engage in other on-line interactions with other users on topics such as hair, beauty, celebrities, current events, politics, and dating. *See* Def.'s Mot. [ECF No. 42 at 2]. The use of Defendant's website is governed by terms of service which state that use of the website constitutes the user's agreement to follow and be bound by terms which provide that "any photo containing . . . celebrities . . . or any copyrighted image (unless you own the copyright) is not permitted." *See id.* [ECF No. 42 at 3]. Further, every time a user of Defendant's website logs onto the HairTalk forum, the user must specifically agree to the forum rules by clicking "yes" that the user agrees that he or she "will not post any copyrighted material . . . . ." *See id.* [ECF No. 42 at 3].

BWP Media USA, Inc. d/b/a Pacific Coast News, and National Photo Group, LLC (collectively, "Plaintiffs") provide entertainment-related photojournalism goods and services, and

own the rights to photographs featuring celebrities which they license to online and print publications. *See* Am. Compl. [ECF No. 17 at 1]. Plaintiffs are the registered owners of a U.S. Copyright for photographs of the musician ke$ha, the actress Julianne Hough, and the musician Ashlee Simpson, all of which were posted on Defendant's website without Plaintiffs' permission. *See* Pls.' Br. [ECF No. 46 at 10-11]. Plaintiffs contend that Defendant is responsible for the content posted in its HairTalk forum by third-parties, because Defendant failed to timely designate a registered agent with the United States Copyright Office as required to afford itself the safe harbor protections provided to service providers under the Digital Millennium Copyright Act ("DMCA"), Title 17, United States Code, Section 512 *et seq. See id.* [ECF No. 46 at 19-21]. Therefore, Plaintiffs brought this lawsuit against Defendant alleging Copyright Infringement in violation of Title 17, United States Code, Section 501 *et seq. See id.* [ECF No. 17 at 4-5].

Defendant contends that, while it reserves the right to review all photographs posted on its website, neither Defendant, its employees, or its contractors have ever reviewed HairBoutique.com public forum posts prior to their posting. *See* Mot. [ECF No. 42 at 3]. Defendant contends that if it receives notice that certain posts do not comply with the website's terms, Defendant reviews them and immediately removes any inappropriate content. *See id.* [ECF No. 42 at 3]. Defendant contends that it first learned of the postings of the Ke$ha and Julianne Hough photographs when it was served with the instant lawsuit, and of the Ashlee Simpson photograph when Plaintiffs filed their amended complaint. *See id.* [ECF No. 42 at 3]. Defendant contends that it immediately removed the subject photographs when it became aware of them, and that prior to this lawsuit, it was not aware of the requirement to designate an agent with the Copyright Office in order to obtain a limitation on liability through the safe harbor provision of the DMCA. *See id.* [ECF No. 42 at 3-4].

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is 'material' if its resolution is outcome determinative." *Thompson v. Syntroleum Corp.*, 108 F. App'x 900, 902 (5th Cir. 2004) (citing *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994)). "An issue is 'genuine' if the evidence is sufficient for a reasonable fact-finder to find in favor of the non-movant." *Id.* A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets his burden, the nonmovant must then point to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## ANALYSIS

Defendant argues that it is entitled to summary judgment on Plaintiffs' direct copyright infringement claim, because it did not directly engage in the infringing conduct. *See* Mot. [ECF No. 42 at 4-5]. In order to prevail on a claim of direct copyright infringement, Plaintiffs must demonstrate the following: (1) ownership of the copyrighted material; and (2) copying by the

defendant. *See Prostar v. Massachi,* 239 F.3d 669, 677 n.56 (5th Cir. 2001) (citing *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999)). Direct copyright infringement occurs where the defendant personally engaged in the infringing conduct. *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 446 (1984) ("Third party conduct would be wholly irrelevant in an action for direct infringement of respondents' copyrights."); *see also Am. Broadcasting Cos., Inc. v. Aereo*, 134 S. Ct. 2498, 2512 (2014) (Scalia, J., Thomas, J., Alito, J., dissenting) ("There are two types of liability for copyright infringement: direct and secondary. As its name suggests, the former applies when an actor personally engages in infringing conduct.").

Here, Plaintiffs do not dispute Defendant's contention that the images at issue were posted by the users of Defendant's website. *See* Pls.' Br. [ECF No. 24 at 16] ("In the present case, [] the images were likely posted by users of Defendant's Website . . . ."); Pls.' Br. [ECF No. 46 at 25, 27] ("Defendant asks this Court to find that it is not liable to Plaintiffs because the photographs at issue were posted to the Website by 'users[.]' . . . [I]f the Court were to allow Defendant's 'I didn't do it' defense to prevail, it would serve to undermine Congress' decision . . . ."). Therefore, there is no genuine issue as to whether Defendant is liable for direct copyright infringement, because Defendant was not personally involved in the infringing conduct. *See Disney Enters., Inc. v. Hotfile Corp.*, 798 F. Supp. 2d 1303, 1308 (S.D. Fla. 2011) ("As the *Netcom* court saw it, making an internet company liable for direct copyright infringement simply because it gave users access to copyrighted material posted by others 'would create unreasonable liability.'" (quoting *Religious Tech. Ctr. v. Netcom On-Line Comm'cn Servs.*, 907 F. Supp. 1361, 1370 (N.D. Cal. 1995))). Defendant's motion for summary judgment is granted with respect to Plaintiffs' direct copyright infringement claim.

Defendant also argues that it is entitled to summary judgment on Plaintiffs' vicarious

copyright infringement claim, because the undisputed summary judgment evidence establishes that Defendant prohibited any posting of copyrighted materials on its forum and took swift action to remove any such materials once they were brought to its attention. *See* Mot. [ECF No. 42 at 6]. Furthermore, Defendant argues that it did not directly profit from any postings of Plaintiffs' copyrighted work, because it does not sell any photographs or contents posted on its website. *See id.* [ECF No. 42 at 6].

Secondary liability is a means to hold defendants responsible for third-party infringement, even when the defendants themselves have not engaged in the infringing activity. *See Sony Corp. of Am.*, 464 U.S. at 435. Secondary copyright infringement applies where a defendant contributorily or vicariously infringed on another's copyrights. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). The vicarious liability theory permits the imposition of liability where a defendant "profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement." *See id.* at 931 n.9. While Plaintiffs contend that (1) the copyrighted photographs were displayed alongside paid advertising, (2) Defendant received revenue from the paid advertising on its forum, and (3) the revenue received is based, in part, on the website traffic, Plaintiffs fail to point to any evidence in the record showing that Defendant directly profited from the infringing conduct. *See* Pls.' Br. [ECF No. 46 at 12]. Once Defendant points to the absence of evidence supporting Plaintiffs' vicarious copyright infringement claim, the burden shifts to Plaintiffs to point to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *See Catrett*, 477 U.S. at 323; *Duckett*, 950 F.2d at 276. However, Plaintiffs failed to do so here. Therefore, Defendant is also entitled summary judgment on Plaintiffs' vicarious copyright infringement claim.

## CONCLUSION

For the foregoing reasons, Defendant's First Amended Motion for Summary Judgment [ECF No. 42] is GRANTED.

**SO ORDERED**, this 25 day of March, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE