IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BWP MEDIA USA INC., d/b/a
PACIFIC COAST NEWS and
NATIONAL PHOTO GROUP, LLC,

     Plaintiffs,

v.                                                                No. 3:13-CV-02961-BT

T & S SOFTWARE ASSOCIATES, INC.,

     Defendant.

## MEMORANDUM ORDER

     Before the Court in this copyright infringement action is Defendant T&S

Software Associate Inc.'s Amended Motion for Attorneys' Fees Pursuant to Federal

Rule of Civil Procedure 54 (the "Amended Motion"). For the reasons stated, the

Court GRANTS, in part, the Amended Motion (ECF No. 70) and awards

Defendant reasonable attorneys' fees in the total amount of $84,575.00.

### Background

     Plaintiffs brought this lawsuit against Defendant under 17 U.S.C. § 501,

alleging that Defendant, an internet service provider, infringed Plaintiffs'

copyrights of celebrity photographs when third-party users posted the protected

photos to Defendant's website, www.hairboutique.com. Am. Compl. 4, ¶ 24 (ECF

No. 17); Answer 5, ¶ 39 (ECF No. 21). On March 25, 2016, the Court granted

summary judgment on Plaintiffs' claims in Defendant's favor and entered a

judgment dismissing the case with prejudice. Mem. Op. & Order (ECF No. 50); J. (ECF No. 52). On April 7, 2016, Defendant timely filed a Motion for Attorneys' Fees under Federal Rule of Civil Procedure 54 (the "Motion"). Mot. (ECF No. 54). Shortly thereafter, Plaintiffs filed a notice of appeal. Not. (ECF No. 55). On March 1, 2017, the Court denied the Motion without prejudice and ordered Defendant to file a motion and an accompanying brief specifically addressing in detail Plaintiffs' arguments in opposition to the fee request and identifying the names and titles of the individuals for whose time Defendant sought fees. *See* March 1, 2017 Order (ECF No. 65). The Court's Order did not specify a deadline for filing an amended motion. *See id.* The Fifth Circuit affirmed the Court's summary judgment decision on March 27, 2017, *BWP Media USA, Inc. v. T & S Software Assocs., Inc.,* 852 F.3d 436, 444 (5th Cir. 2017), and the Opinion and Judgment were filed on April 18, 2017. Ord. & J. (ECF Nos. 66 & 67). Plaintiffs then filed a petition for a writ of certiorari with the Supreme Court of the United States, which the Supreme Court denied on October 2, 2017. *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 138 S. Ct. 236 (2017). Ten days later, the Court received a copy of the Supreme Court's letter notifying the Fifth Circuit that certiorari had been denied. Ltr. (ECF No. 68).

On October 20, 2017, Defendant filed its Amended Motion, by which it seeks attorneys' fees as the prevailing party under 17 U.S.C. § 505, in the total amount of $88,614.50. Am. Mot. (ECF No. 70); Reply (ECF No. 73) at 10. Plaintiffs oppose the Amended Motion on three general grounds: (1) Defendant's

fee request is untimely; (2) the Court lacks jurisdiction to consider the request with respect to any fees incurred in connection with the appeal; and (3) the fees requested are excessive. The issues have been fully briefed, and the Amended Motion is ripe for determination.

## Legal Standards & Analysis

### Timeliness under Fed. R. Civ. P. 54

Plaintiffs first argue that Defendant's Amended Motion is untimely under Fed. R. Civ. P. 54. Rule 54(d)(2)(A) provides that "a claim for attorney's fees and related nontaxable expense must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Unless a court order dictates otherwise, a Rule 54 motion for attorneys' fees is proper when it:

i)    *[is] filed no later than 14 days after the entry of judgment*;

ii)   specif[ies] the judgment and the statute, rule, or other grounds entitling the movant to the award;

iii)  state[s] the amount sought or provide[s] a fair estimate of it; and

iv)   disclose[s], if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B)(i)-(iv) (emphasis added).  Defendant timely filed its original Motion for attorneys' fees within 14 days of the entry of the Judgment in this case. The Court denied that Motion without prejudice and granted

3

Defendant leave to file an amended motion, although the Court did not set a
deadline for filing the amended motion.

Defendant's Amended Motion, filed after the conclusion of all appellate
activity in the case, seeks fees incurred during litigation in this Court, as well as
fees incurred when the case was on appeal. While "the case law on this issue is
sparse," the apparent weight of authority holds that the Rule 54 timeline does
not apply when a case involves fees related to an appellate judgment. *See, e.g.,
JAB Energy Sols. II, LLC v. Servicio Marina Superior, L.L.C.,* 2016 WL
3746368, at *3, n.3 (E.D. La. July 13, 2016); *Howlink Global LLC v. Centris
Info. Servs., LLC*, 2015 WL 216773, at *4 (E.D. Tex. Jan. 8, 2015); *L.I. Head
Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*,
2013 WL 6388633, at *3 (E.D.N.Y. Dec. 5, 2013); *S. Tex. Elec. Coop v. Dresser-
Rand Co.*, 2010 WL 1855959, at *3-4 (S.D. Tex. May 5, 2010); *Dippin' Dots, Inc.
v. Mosey*, 602 F. Supp. 2d 777, 782 (N.D. Tex. 2009). Rule 1 of the Federal Rules
of Civil Procedure provides that the Rules "'govern the procedure in all civil
actions and proceedings in the United States district courts,'" creating a
presumption that the Federal Rules of Civil Procedure only refer to district court
proceedings, and therefore, that Rule 54's reference to a "judgment" applies only
to district court judgments. *Dippin' Dots,* 602 F. Supp. 2d at 782 (quoting Fed.
R. Civ. P. 1). Thus with respect to appellate judgments, where no statute or rule
prescribes a deadline, "'a general rule of diligence should govern.'" *Id.* at 782-83
(quoting *JCW Invs., Inc. v. Novelty, Inc.,* 509 F.3d 339, 342 (7th Cir. 2007)).

Typically, filing within 30 days is reasonably diligent, particularly "where the procedural posture is complicated and application of the Federal Rules is unclear." *Id.* at 783; *Taylor v. USF-Red Star Exp., Inc.*, 212 F. App'x 101, 113 (3d Cir. 2006) ("We conclude the District Court did not err as a matter of law in granting Taylor's supplemental motion for attorney's fees because its timing was logical, despite the fact that it was filed more than fourteen days after any entry of judgment.").

Defendant filed its Amended Motion within 30 days of the Supreme Court's denial of certiorari—the conclusion of appellate activity in the case. The Court, therefore, finds Defendant exercised reasonable diligence, and the Amended Motion is timely. *Dippin' Dots*, 602 F. Supp. 2d at 783 ("In general, anything within 30 days shows reasonable diligence.").

<u>Jurisdiction to Consider Appellate Attorneys' Fees</u>

Plaintiffs also challenge this Court's jurisdiction to consider Defendant's request for appellate attorneys' fees. Contrary to Plaintiffs' argument, it is not the general rule in the Fifth Circuit that a district court lacks jurisdiction to consider appellate attorneys' fees if the prevailing party does not first seek those fees on appeal. *Miller v. Raytheon Co.*, 2013 WL 6838302, at *4 (N.D. Tex. Dec. 27, 2013) ( "[T]he 'usual practice' of the Fifth Circuit is to transfer consideration of attorneys' fees incurred on appeal and fees to be incurred on remand to the district court.")(citations omitted). The Fifth Circuit has held that "the issue of appellate attorney's fees is a matter for the district court following the resolution

5

of an appeal." *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003); *Schneider v. Perley-Robertson*, 114 F.3d 1182 (5th Cir. 1997) ("Also in keeping with our usual practice, we instruct the district court to calculate and award additional reasonable attorneys' fees . . . for those incurred in connection with this appeal[.]"). In fact, when presented with a motion for attorneys' fees on appeal and a motion partially restoring trial attorneys' fees affected by that appeal, the Fifth Circuit "conclude[d] that such matters are better addressed as one by the district court," and remanded the case to the district court. *Crane v. State of Tex.*, 766 F.2d 193, 195 (5th Cir. 1985). This is because district courts, as fact finders, are better equipped to evaluate requests for attorneys' fees, even with respect to fees for appellate work before the Court of Appeals and the Supreme Court. *Breaux v. U.S. of Sec'y Dep't Health & Human Servs.*, 46 F.3d 65 (5th Cir. 1995). Accordingly, the Court finds it has jurisdiction to consider Defendant's request for fees related to the trial and appeal of this case.

<u>Award of Attorneys' Fees</u>

Defendant seeks attorney's fees as the prevailing party under the Copyright Act. *See* 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."). "'[A]n award of attorney's fees to the prevailing party in a

6

copyright action is the rule rather than the exception and should be awarded routinely.'"*Hunn v. Dan Wilson Homes, Inc.,* 789 F.3d 573, 588–89 (5th Cir. 2015)(quoting *Virgin Records Am., Inc. v. Thompson,* 512 F.3d 724, 726 (5th Cir.2008)). Under 17 U.S.C. § 505, attorneys' fees are awarded to prevailing parties at the court's discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). In other words, "'[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised." *Id.* (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436–437 (1983)).

The Supreme Court has placed only two restrictions on courts' discretion: (1) attorneys' fees may not be awarded automatically; and (2) prevailing plaintiffs and defendants must be treated the same. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016)(citation omitted). The Supreme Court noted some "nonexclusive factors" that may guide courts' discretion; these include: "'frivolousness, motivation, objective reasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance the considerations of compensation and deterrence.'" *Fogerty, 510 U.S.* at 535 n. 19. (quoting *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 156 (1986)). The Fifth Circuit recognized that though district courts may consider these factors, they are not "'bound to apply verbatim the factors listed [in *Fogerty*].'" *Hunn*, 798 F.3d at 589 (quoting *Compaq Computer Corp. v. Ergonome Inc.,* 387 F.3d 403, 412 (5th Cir. 2004)). District courts, however, are to put substantial weight on the reasonableness of a losing party's position when determining

whether to shift fees. *Kirtsaeng*, 136 S. Ct. at 1989. This encourages parties with strong, or reasonable, positions to vindicate their rights, knowing that they will likely be able to recover fees from the losing, or unreasonable party. *Id.* at 1986. Similarly, this deters parties with weak positions from bringing suit as they will likely have to pay two sets of fees, if their position is unreasonable. *Id.* at 1986-87. Nonetheless, "objective reasonableness can be only an important factor in assessing fee applications—not the controlling one." *Id.* at 1988. District courts should take into account a range of relevant factors, of which the reasonableness of the losing party's position is one. *Id.*

Here, the Court exercises its discretion to award attorneys' fees. In arriving at this decision, the Court took into account the purpose of the Copyright Act to "'enrich[ ] the general public through access to creative works,'" which it furthers, "by striking  a balance between encouraging and rewarding authors' creations and enabling others to build on that work." *Id.* at 1986 (quoting *Fogerty,* 510 U.S. at 527). To strike that balance, "the boundaries of copyright law must be demarcated as clearly as possible." *Fogerty*, 510 U.S. at 527. And, raising meritorious defenses serves the goals of the Copyright Act as much as litigating meritorious infringement claims, since defenses may increase public exposure to a work that others may build upon to create new works. *Id.* In this case, the Court previously determined Defendant was not liable for direct infringement because it was not personally involved in the infringing conduct. Mem. Op. & Order Granting Def.'s Mot. for Summ. J. 4 (ECF No. 50). Defendant also was not liable

under Plaintiffs' vicarious copyright infringement theory because Plaintiffs could point to no evidence that Defendant directly profited from the infringing conduct. *Id*. at 5. Litigation of these defenses served to further demarcate the boundaries of copyright law.

Additionally, the Court considered that Plaintiffs' litigation position was not wholly reasonable insofar as Plaintiffs made no attempt to contact Defendant regarding the copyrighted photos that were uploaded to Defendant's website prior to filing suit. Def. First Am. Mot. for Summ. J. 4. (ECF No. 42). Defendant first learned of the potential copyright infringement when Plaintiff served it with the lawsuit. *Id*. at 3. Awarding attorneys' fees in this case furthers the considerations of deterrence. Similarly-situated copyright holders may think twice about filing a lawsuit without first asking the website host to remove protected images.

<u>Amount of Award</u>

Defendant seeks a total award of $88,614.50 in attorneys' fees, which is comprised of: $51,309.50 for defending T & S Software Associates, Inc. at the trial court, $39,426.50 for defending T & S on appeal, $523.50 for defending T & S at the Supreme Court, and $1,400.00 for completing the briefing on the Amended Motion. Defendant has subtracted $4,045.00 for "duplicative or unnecessary work" from those figures to reach

$88,614.50. Def. Am. Mot. 26, 30. (ECF No. 70). The Court has reviewed the detailed billing entries provided in Exhibit A-3[1] and finds the time spent by attorneys Joseph F. Cleveland, Michael P. Moore, and Jared D. Wilkinson is reasonable for the tasks described. The Court's Order denying Defendant's first Motion for Attorneys' Fees required Defendant to specifically identify the names and titles of the individuals for whose time Defendant sought fees and to address in detail Plaintiffs' arguments in opposition to the fee request. Order Den. Mot. for Att'y Fees (ECF No. 65). In Defendant's Amended Motion and Exhibit A, Defendant sufficiently identifies the parties listed by their initials in Exhibit A-3 and addresses Plaintiffs' concerns. The Court finds the time spent by attorney Brad Timms, a former law clerk, and two paralegals is duplicative of the other attorneys' time and, thus, not reasonable.

The Court also finds the following hourly rates are reasonable for the attorneys involved: $400 for Joseph Cleveland; $225 for Michael Moore; and $175 for Jared Wilkinson. *Vanliner Ins. Co. v. DerMargosian*, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees). After applying the $ 4,045.00 billing judgment discount for duplicative or unnecessary work, the resulting lodestar award is $ 84,575.00.

The *Fogerty* factors guide district courts in determining whether attorneys' fees should be awarded at all; however, the district court, in its discretion, may

---

[1] Exhibit A-3 (ECF No.71-4), a detailed record of Defendant's time, totals $83,009.501.

apply the *Johnson* factors to determine the appropriate amount of attorneys' fees. *See Hogan Sys., Inc. v. Cybresource Int'l, Inc.,* 158 F.3d 319, 325 (5th Cir. 1998), *abrogated by Kirtsaeng*, 136 S. Ct. at 1979. Although "[t]here is a 'strong presumption that the lodestar award is the reasonable fee[,]' . . . 'the court must consider whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the *Johnson* factors.'" *DerMargosian*, 2014 WL 1632181, at *2 (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999); *Sec. & Exch. Comm'n v. AmeriFirst Funding, Inc.*, 2008 WL 2185193, at *1 (N.D. Tex. May 27, 2008)). Upon consideration of the *Johnson* factors,[2] the Court does not find that any adjustment to the lodestar is necessary. *See DerMargosian*, 2014 WL 1632181, at *2 n.6 ("[C]ourts 'need not specifically discuss the *Johnson* factors where [they have] applied the *Johnson* framework.'") (citing *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009))).

## CONCLUSION

Accordingly, Defendant's Amended Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54 (ECF No. 70) is GRANTED, in part, and

---

[2] The Johnson factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Castro v. Precision Demolition, LLC*, 2017 WL 6381742, at *2 n.2 (N.D. Tex. Dec. 14, 2017) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). "The Supreme Court has barred any use of the sixth factor." *Castro*, 2017 WL 6381742, at *2 n.2 (citing *Merrick*, 2011 WL 1938188, at *1 n.3; *Rutherford v. Harris Cty.*, 197 F.3d 173, 193 (5th Cir. 1999)). "And the second factor generally cannot be used as a ground for enhancing the award." *Castro*, 2017 WL 6381742, at *2 n.2 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010)).

Defendant is awarded attorneys' fees in the amount of $84,575.00 pursuant to the Copyright Act, 17 U.S.C. § 505. Plaintiffs shall make the payment to Defendant's attorney of record by October 12, 2018, unless the parties agree to a different date.

**SO ORDERED**.

September 12, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE